[This opinion has been published in *Ohio Official Reports* at 68 Ohio St.3d 170.]

NEWMAN ET AL., APPELLANTS, *v.* UNITED OHIO INSURANCE COMPANY, APPELLEE.

[Cite as *Newman v. United Ohio Ins. Co.*, 1994-Ohio-507.]

*Insurance—Underinsured motorist coverage—Wrongful death claim—Each person entitled to recover under R.C. 2125.02 has separate claim subject to any per accident limit—Insurers may contractually preclude intrafamily stacking but may not contractually preclude interfamily stacking—Underinsurance claim must be paid, when—Each person who is covered by an uninsured/underinsured policy has a separate claim subject to a per person policy limit.*

(No. 92-1875—Submitted December 15, 1993—Decided January 19, 1994.)

APPEAL from the Court of Appeals for Lawrence County, No. 91 CA 26.

_____

*David Reid Dillon*, for appellants.

*Mark P. Seitzinger*, for appellee.

*Nurenberg, Plevin, Heller & McCarthy Co., L.P.A.*, and *Andrew Krembs*; and *Robert P. Rutter*, urging reversal for *amicus curiae*, Ohio Academy of Trial Lawyers.

*Hamilton, Kramer, Myers & Chee*k and *James R. Gallagher*, urging affirmance for *amicus curiae*, Ohio Association of Civil Trial Attorneys.

_____

{¶ 1} The cause is reversed and remanded on authority of *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809.  The trial court is instructed to apply the *Savoie* test to the facts of the case.

A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., concurs separately.

WRIGHT, J., dissents.

———————————

**MOYER, C.J., concurring separately.**

{¶ 2} I concur separately in the judgment entry in the above-styled case. As my dissent in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, stated, I do not agree with the law announced in the majority decision. Nevertheless, it is the law on the issue in the above-styled case. As I believe all parties should receive equal application of the law announced by this court, and only for that reason, I concur in the judgment entry.

———————————

**WRIGHT, J., dissenting.**

{¶ 3} I must dissent in continuing protest to the majority's sundry holdings in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809. As stated in the dissent in Savoie, that holding lacks sound reasoning, reverses ten years of established case law and flaunts the will of the General Assembly. Thus, I feel compelled to remain in this posture until the General Assembly has had the opportunity to undo the damage caused to the public by this unfortunate, result-oriented decision.

———————————